Spear, J.
The circuit court’s judgment was an affirmance on error of the judgment of the court *111 of common pleas. The latter judgment was rendered upon a trial on appeal from the judgment of the probate court of Franklin county in the matter of certain exceptions by the defendants in error, Ambach & Co., and others, to the second partial account of the plaintiff in error, Flarry H. McMahon, as administrator of the estate of Robert F. Burt, deceased. The exceptions which require consideration here relate wholly to an allowance by the probate court of fifteen hundred dollars to the administrator for extraordinary services claimed to have been rendered by him in the settlement of the estate, and it is not necessary to set out the minutiae of the record beyond a sufficient statement to show how the legal question involved in the controversy here arose.
The account to which exceptions were taken by the creditors, defendants in error, was filed in the probate court June 28, 1901. The fifteen hundred dollar allowance appears as the last item of the account in these words and figures, viz.:
“To FI. H. McMahon, administrator, allowance on account of extraordinary services fixed by the court, $1,500.”
This charge against the estate is without date, and the printed record nowhere distinctly shows when the allowance was made, although the inference is justified that it was made sometime prior to the filing of the second account.
The exceptions were filed in the probate court July 19, 1901, and were heard and overruled by that court January 7, 1902, and the account ap *112 proved. Thereupon the cause was appealed by the exceptors to the court of common pleas.
Long after the appeal was effected, to-wit, July 1, 1905, there was filed in the coúrt of common pleas by the administrator a motion setting out the allowance of the fifteen hundred dollars to him by the probate court as of June 28, 1901, but that no entry of such allowance was made on the journal of the probate court and asking an order of the common pleas nunc pro tunc • to require such entry as of the date named to be entered on the journal of the probate court. This motion was resisted by the exceptors, but the' motion was sustained and the order made and an entry of the character desired was placed on the journal of the probate court as of June 28, 1901.
At the trial of the case upon the exceptions in the court of common pleas, January 27, 1906, the plaintiff in error, the administrator, in support of the allowance- by the probate court, gave in evidence a duly attested copy of the said journal entry so made nunc pro tunc in the probate court by order of the common pleas, as of June 28, 1901, in substance showing that, on an application made by said administrator for extraordinary services in the settlement of the estate, from the time of his appointment to that date, in addition to such extra compensation as had been heretofore allowed, and as further part payment for such extraordinary services so rendered, the probate court allowed, for such extra services, the sum of fifteen hundred dollars and authorized and allowed the administrator to pay to himself out of the funds in his hands belonging to said estate the said sum of *113 fifteen hundred dollars as further partial compensation for said extraordinary services.
No other testimony was offered by the administrator to support his claim for said fifteen hundred dollars for such extraordinary services,. but he rested his side of the case wholly on the said record of the probate court. It appeared by the cross-examination of the administrator that the application was a verbal one, not in writing, and that no notice was given to any creditor, or other person interested in the estate, of said application or said hearing, nor was any creditor, or other interested party, present or cognizant of said proceeding, but the same was wholly ex parte. No testimony was offered by the exceptors.
The court of common pleas thereupon found and held that the claimed allowance of fifteen hundred dollars so made by the probate court ■ is not conclusive upon the excepting creditors, or upon this court, and the same-being found by the court to be excessive is vacated and set aside, and the exception to said second account so far as it refers to the fifteen hundred dollar item is sustained. Thereupon judgment followed from which, as'before stated, the administrator prosecuted error to the circuit court, and failing there brings error in this court.
The record, athough somewhat involved, presents but a single question, viz.: was the allowance of fifteen hundred dollars by the probate court for claimed extraordinary services by the administrator conclusive as against parties interested in the estate, or could the creditors, by excepting to the settlement account of the ad *114 ministrator in which the charge against the estate appeared, have the same reviewed?
It is the .contention of plaintiff in error that there having been no attempt made to attack the allowance by direct proceedings instituted for that purpose, the said allowance and order of the probate court still standing upon that court’s journal unreversed and unmodified, the same is conclusive, and cannot be attacked by exceptions to the account, that being a mere collateral attack. This claim rests upon the further proposition that the allowance was a judicial act of a court having full jurisdiction to pass upon and make such allowance; that such application for allowance is an ex parte proceeding in rem of which no notice to creditors or others is necessary, and that the action of the court thereon does, and necessarily must, bind the whole world; and further, that a proceeding in rem cannot be rendered adversary except by express legislative act, and our statutes show no such change of the rule.
It is not doubted that the probate court has power, in the proper way and at the proper time, to make allowances for extraordinary services by an administrator, nor that, speaking in the general sense, the proceedings in the settlement of estates by the probate court are not inter partes, or adversary in character, but are proceedings in rem. This because the estate itself, the res, is committed to that court, and on that court is devolved the duty of determining its status and disposing of its' corpus. But it does not follow that every matter connected with the settlement of an estate is strictly in rem, and therefore binding on every *115 body without notice, for we find provision for notice in many matters which in their nature may be considered in rem. As observed by Okey, J., in Heck v. Heck, 34 Ohio St., 369: “While obviously many acts may be performed in the administration of the estate without notice (as in 5 Ohio, 200), others cannot be properly performed in the absence of it, though the statute be silent. Of the latter class are proceedings to appoint new appraisers, and the act of such appraisers in making allowance to a widow for a year’s support. True, the statute did not, in terms, require notice to the executor, much less notice in any prescribed form; but the executor represents the estate and in a sense the creditors, and upon the plainest principles of justice, he is entitled to notice of these proceedings.”
Whether or not the action in making the allowance taken by the probate court in this case should be regarded as in rem or adversary must therefore necessarily depend upon the proper construction of our statutes relating to the settlement of estates in the probate court taken in connection with the clause of the constitution, section 8, article IV, giving jurisdiction to that court. The constitutional provision relating to this subject is: “.The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts ' of executors, administrators and guardians.” Statutory provisions are: By section 524, Revised Statutes, exclusive jurisdiction is given “to direct and control the conduct and to settle the accounts of executors and administra *116 tors, and to order the distribution of estates.” Section 6175 imposes the duty on an'administrator to render account of his administration at times as therein stated. B}r section 6006 every administrator is required before entering on the execution of his trust to give bond with condition among other things, to render upon oath a true account within eighteen months and at any other times when required by the court or the law, and failing so to do for thirty days after he shall have been notified of the expiration of the time by the probate judge he shall receive no allowance for services unless the court shall enter upon its journal that such delay was necessary and reasonable. The same provision as to allowance for services is found in section 5996 as applicable to executors. Section 6402 makes it the duty of the probate judge to cause notice for not less than three weeks of the filing of accounts by administrators, etc., to be published in some newspaper of the county, specifying the time when such accounts will be heard, and recognizing the right of interested parties to interpose exceptions. By section 6186 authority is given the court to refer the account and exceptions to a special master commissioner. Special provision is given by section- 6407 to appeal to the court of common pleas “from any order, decision or judgment of the probate court in settling the accounts of an executor, administrator,” and also in a large number of controversies growing out of the settlement of estates, “and the cause so appealed shall be tried, heard, and decided in the court of common pleas in the same manner as though the said court of common -pleas had orig *117 inal jurisdiction thereof.” Section 6187 provides for the opening up of an account by any one adversely interested within eight months where the account has been settled in his absence and without actual notice to him. Also that upon every settlement of an account former accounts may be opened to correct mistake or error therein save where the dispute had been previously heard and determined. And finally, the provision specifically made for compensation for extraordinary services, section 6188, affecting commissions and allowances provides: “Executors and administrators may be allowed the following commissions upon the amount of the personal estate collected and accounted for by them, and of the proceeds of the real estate sold under an order of court for the payment of debts, or under directions of the will, which shall be received in full compensation for all their ordinary services,” etc., * * * “and in all cases such further allowance shall be made as the court shall consider just and reasonable for actual and necessary expenses, and for any extraordinary services not required in the common course of his duty,” etc.
We are unable to agree with counsel that proceedings which grow out of jurisdiction in rem cannot be rendered adversary except by express legislative act, but are of opinion that statutes affecting jurisdiction must be tested as to their proper meaning by the ordinary rules of construction. What, taking all the provisions’ together, and applying them to the subject-matter, did the general assembly mean by the language of the provisions as enacted? At the threshold we find that *118 the subject of the settlement of the accounts of administrators, etc., has been deemed of so much importance as to call for a special constitutional provision. Why? Because the matter relates to the proper and lawful devolution of vast amounts of property, and affects the rights and interests of a great many people, of widows, adult heirs, children, and creditors. To make this power effective there has been enacted, as the epitome hereinbefore given shows, laws specifically providing for its exercise, and surrounding it as we think, with safeguards intended to insure a fair hearing and due consideration of the rights of all parties interested. These various sections clearly imply that the specified compensation of the administrator is to be'ascertained by the court when he shall have exhibited to the court by a settlement account the amount of the personal estate which he has collected and thus accounts for, and the amount of compensation for extraordinary services not required in the common course of his duty to be determined by the court on a showing to be made when the account is passed upon. This feature of the administrator’s compensation relates to the settlement of his account as fully as any other and is just as essential to a full statement of his account with the estate as any other item in it. If the probate judge may properly allow a claim for extra services ex parte and in advance of settlement, no reason is apparent why he may not in like manner allow every other item which properly belongs in an account, and thus practically defeat the plain justice and purpose of the statute. But, beside this, when analyzed, the position of the *119 administrator is in essence and spirit adversary to the estate. He .charges, as in this specific instance, the amount of the allowance to the estate. Then for the first time in the record of the probate court’s doings does the matter of extraordinary compensation make its appearance, and the very statement itself is adversary. “The estate to the administrator, debtor,” is the form used in the account. This attitude of the administrator is recognized by the provision for appeal by a trustee as given in section 6408. If the appeal is in the interest of the trust he may appeal without giving bond; if in his own interest he must give bond. Thomas, Admx., v. Moore, 52 Ohio St., 200; Layer, Guardian, v. Schaber, Admr., 57 Ohio St., 234; Biddle, Trustee, v. Phipps, 2 O. C. C., 61; Taylor v. McCullom, 5 W. L. B., 414; Kennedy v. Thompson, 3 O. C. C., 448.
It cannot benefit the administrator that he has theretofore obtained the approval of that item at the hands of the probate judge, a practice which is not to be commended. The statute makes it clear that in general it is through the process of accounting that the probate court is given authority to allow extraordinary compensation, and the fact that the statute defines the conditions under which extraordinary compensation may be allowed implies that that is the proper way. In legal effect the item in dispute in the present case is part of the settlement account, is subjected to the same right of review, and must stand or fall on review the same as any other item excepted to.
At the trial in the common pleas the item of extra allowance was like any other item of the *120 account excepted to. Its correctness as a charge was to be tried the same as though that court had had original jurisdiction of the case. The burden, therefore, was on the claimant to show that the services rendered by him were such as the law permits an extra allowance for, and to offer evidence to enable the court to properly fix the amount. He did neither. He was content to rest upon the action of the probate court. But, as we have held, that action was open to review and was then the very subject of review. It is not necessary to here consider the effect of an allowance to an administrator for extraordinary services made in a proceeding to sell land by order of court; nor a case where a written motion for allowance had been filed in the probate court and notice given to all interested parties, for we have no such case before us.
It follows we think clearly that tne attack in this case upon the action of the probate court was not a collateral, but a direct attack, and the court of common pleas was entirely justified in so treating it and in rendering judgment accordingly.

Judgment affirmed.

Price, C. J., Shauck, Crew, Summers and Davis, JJ., concur.